**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------- x
ALISON SCHLANGER,                                                      :
                                                                      :          **COMPLAINT**
                                                  *Plaintiff,*         :
- against -                                                            :          **Jury Trial Demanded**
                                                                      :
12710 KITCHEN CORP; JAGDEI                                            :
THAKURDEEN; and JOHN DOE                                              :
DEFENDANT NO 1,                                                       :
                                                                      :
                                                  *Defendants.*        :
---------------------------------------------------------- x

Plaintiff ALISON SCHLANGER, upon personal knowledge as to themselves and upon information and belief as to other matters, hereby file this Complaint against defendants 12710 KITCHEN CORP; JAGDEI THAKURDEEN; and JOHN DOE DEFENDANT NO 1 and allege as follows:

**NATURE OF THE ACTION**

1.      Defendants operate a restaurant and nightclub called Xscape NYC located at 12710 Liberty Ave, Queens, New York 11419.

2.      Plaintiff states that pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 et. seq. ("FLSA"), that she is entitled to recover from Defendants: (1) unpaid wages, including minimum wages and overtime; (2) unpaid wages, including overtime, due to an invalid tip credit; (3) illegally retained gratuities; (4) liquidated damages; and (5) attorneys' fees and costs.

3.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she is entitled to recover from Defendants: (1) unpaid wages, including minimum wage and overtime; (2) unpaid wages, including overtime, due to an invalid tip credit; (3) illegally retained gratuities; (4) unpaid spread of hours premiums; (5) statutory penalties; (6) liquidated

damages; and (7) attorneys' fees and costs.

4.       Plaintiff ALISON SCHLANGER also seeks damages for Defendants' retaliatory termination pursuant to the FLSA.

## JURISDICTION AND VENUE

5.       This Court has subject matter jurisdiction over Plaintiff' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiff' state law claims pursuant to 28 U.S.C. § 1367(a).

6.       Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the Defendants maintain a place of business in this district and the majority of the conduct making up the basis of the complaint took place in this district.

## PARTIES

7.       At all relevant times, Plaintiff Schlanger is an adult individual, over 18 years old, residing in Queens County and a citizen of New York.

8.       The Defendants operate a restaurant under the trade name "Xscape NYC" located at 12710 Liberty Ave, Queens, New York 11419.

9.       Defendant 12710 KITCHEN CORP is listed in New York's Department of State Division of Corporation ("DOS") records as a domestic business corporation with a service of process address located at 12710 Liberty Avenue, South Richmond Hill, New York, 11419. 12710 KITCHEN CORP is the entity on Plaintiff's pay stubs.

10.      Individual Defendant Jagdei Thakurdeen is listed as the registered agent for 12710 Kitchen Corp in DOS records.  Jagdei Thakurdeen's signature is present on paychecks retained by Plaintiff.  Upon information and belief, Jagdei Thakurdeen is the principal owner of

the Corporate Defendant and managed the restaurant along with her daughter and son.  The Individual Defendant exercises operational control as it relates to all employees including Plaintiff.  Individual Defendant exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff.  At all times, employees could complain to the Individual Defendant directly regarding any of the terms of their employment, and the Individual Defendant would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Individual Defendant additionally exercises functional control over the business and financial operations of Corporate Defendant. Individual Defendant ensures that employees properly prepare food and effectively serve and cater to customers to ensure that the Restaurant is operating efficiently and profitably.

11.    John Doe Defendant No 1 is the individual defendant's son.  Plaintiff does not currently know his full name and only knows that he is referred to as and responds to "Noah".  Plaintiff intends to amend this complaint with his name as soon as it is known to them.  John Doe Defendant No 1 was in charge of hiring, supervision, and setting rate of pay and hours of work for Plaintiff.  He was also an owner of the restaurant and present at the business premises in a managerial capacity on a day-to-day basis.

12.    At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13.    At all relevant times, the work performed by Plaintiff was essential to the business operated by Defendants.

## STATEMENT OF FACTS

14.    In or around 16 October 2022, plaintiff Schlanger was hired by John Doe Defendant No. 1 ("Noah") and his mother, the Individual Defendant Jagdei Thakurdeen (also known as "Ruby"), during a in-person interview to work as a kitchen prep and chef in the kitchen of the restaurant "Xscape NYC" (the "Restaurant"), located at 12710 Liberty Avenue, South Richmond Hill, New York, 11419.

15.    Plaintiff Schlanger's employment with Defendants ended on or around January 17, 2023.

16.    During her employment, Plaintiff Schlanger is the only employee who works in the kitchen of the Restaurant.

17.    At all relevant times, there are about 6-7 employees in the restaurant.

18.    When Schlanger started working, excepting working as a kitchen prep and chef in the kitchen, Noah and Ruby also required her to be responsible for bartending, cross-training, making drinks, serving customers, running tables, cleaning, taking orders, hosting and seating customers, cleaning the restaurant after cleaning kitchen if busy and understaffed.

19.    For the first week of her employment, plaintiff Schlanger worked seven days and she worked from 5:30 p.m. to 4:00 a.m., approximately 73.50 hours for the first week.

20.    Then, plaintiff Schlanger started working a fixed schedule of five days a week, from Wednesday to Sunday, from about 6:00 p.m. to between 4:00 a.m. and 4:30 a.m. for each day.

21.    During her employment, plaintiff Schlanger was paid approximately $720-725 per week for five shifts.

22.    During her employment, plaintiff Schlanger was paid by check each week.

23.     During her employment, plaintiff Schlanger did not clock in and out to track her work hours because Defendants failed to set up a clock-in app for Schlanger.

24.     Plaintiff Schlanger observed that the Restaurant would automatically charge customers 30% of the bills as service fee.

25.     At all relevant times throughout her employment, Plaintiff Schlanger received no tips even though she would serve customers.  It is unknown at this time whether Defendant claimed tip credits.

26.     It is Plaintiff Schlanger's understanding that she was paid at a lower minimum wage rate typically only paid to customer service employees who receive customer tips.

27.     Before her termination, Plaintiff Schlanger complained to the Individual Defendant Jagdei Thakurdeen (also known as "Ruby") that she was not paid any tips and paid below minimum wages. The next day, Ruby texted her and said "we don't need your help" and then she was terminated.

28.     Plaintiff Schlanger also complained to defendant Noah via phone about her underpaid wages and unpaid tips.

29.     At all relevant times during her employment, Defendants failed to pay Plaintiff Schlanger the required overtime rate of time and one-half, despite the fact that she regularly worked between 60 and 70 hours per week.

30.     At all relevant times during Plaintiff Schlanger's employment, Defendants failed to provide her with an annual wage notice or period wage statements that accurately reflected her rate of pay, her pay days, and her hours.

31.     Despite regularly working more than 10 hours in a given workshift and being paid at or below the minimum wage, Plaintiff never received the required spread of hours pay of

one additional hour's pay at the applicable minimum wage.

32.     Because of Defendants' improper compensation policies, Plaintiff was deprived of pay, in direct violation of the FLSA and NYLL.

33.     This pattern of conduct was continuous throughout Plaintiff's employment.

34.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

35.     In the case of Plaintiff Schlanger, Defendants failed to pay her the required spread of hours pay for days when she worked more than ten hours in a single workshift.

36.     By implementing the above policies affecting all of their hourly employees, Defendants knowingly and willfully operated their business with a policy of not paying their employees in an amount sufficient to compensate Plaintiff and other similarly situated employees for all amounts due under the New York State minimum wage, the FLSA overtime laws (of time and one-half), the New York State overtime laws (of time and one-half), New York spread of hours pay, and New York uniform maintenance pay in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

37.     Defendants did not furnish Plaintiff with accurate statements with every payment of wages, listing gross wages, deductions and net wages as required by New York Labor Law § 195.

38.     Plaintiff reserves the right to amend this complaint once the wage and hour records that are required to be kept under the FLSA and NYLL and information regarding Defendants' corporate and franchise ownership structure is produced by Defendants during discovery.

## STATEMENT OF CLAIM
### COUNT I: FLSA - Unpaid Wages

39.     Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

40.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

42.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

43.     At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff for all hours, including overtime wages.

44.     At all relevant times, Defendants had a policy and practice of failing to pay the statutory proper wage to Plaintiff for their hours worked, including overtime. Defendants were also not entitled to claim any tip credits under the FLSA.

45.     At all relevant times, Defendants showed a willful disregard for the provisions of the FLSA to Plaintiff by instituting an illegal tip pooling scheme in which managers who did not directly service customers retained a portion of the tips in the tip pool.

46.     At all relevant times, Plaintiff suffered from Defendants' retention of gratuities. Defendants' managers collected and pocketed all tips received.

47.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff the full amount of wages due, including overtime under the FLSA.

48.     Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave from the Court to amend this Complaint to set forth the precise amount due.

49.     Defendants failed to properly disclose or apprise Plaintiff of their rights under the FLSA.  As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff are entitled to liquidated damages pursuant to the FLSA.

50.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time shaving, unpaid wages, including overtime, due to an invalid tip credit, damages representing disgorgement of illegally retained gratuities, plus an equal amount as liquidated damages.

51.     Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### COUNT II: NYLL - Unpaid Wages

52.     Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

53.     At all relevant times, Plaintiff was employed by Defendants within the meaning of NYLL §§ 2 and 651.

54.     At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff for all of their hours worked, including overtime.

55.     Defendants willfully violated Plaintiff's rights by failing to pay them proper

wages in the lawful amount for hours worked.  Defendants were not entitled to claim any tip credits.

56.     Defendants willfully violated Plaintiff's rights by instituting an illegal tip pooling scheme in which Plaintiff were required to share tips with managers who did not directly service customers.  In doing so, Defendants willfully deprived Plaintiff of their lawfully earned wages.

57.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the NYLL because such tip credit allowance was never clearly included in wage statements to tipped employees for each payment period.  Defendants also provided fraudulent wage statements that failed to accurately reflect the number of hours worked and their proper compensation, including tips illegally withheld from Plaintiff.

58.     At all relevant times, Defendants had a policy of failing to pay Plaintiff the full amount of wages due, including overtime, under the NYLL.

59.     Defendants willfully violated Plaintiff rights by failing to pay "spread of hours" premiums to them for each workday that exceeded ten (10) or more hours.

60.     Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notices at the time of hiring and annually thereafter, as required under the NYLL.

61.     Due to Defendants' NYLL violations, Plaintiff are entitled to recover from Defendants unpaid wages, including overtime, due to time shaving, unpaid wages, including overtime, due to an invalid tip credit, damages representing disgorgement of illegally retained gratuities, unpaid spread of hours premium, reasonable attorneys' fees, liquidated damages

damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

**COUNT III: NYLL - Failure to Provide Wage Notice and Wage Statements**

62. Plaintiff realleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

63. Defendants have willfully failed to supply Plaintiff wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as their primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

64. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

65. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

66.     Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

67.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b ).

68.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

### COUNT IV:   FLSA – Retaliatory Termination

69.     Plaintiff Alison Schlanger re-alleges and re-avers each and every allegation and statement contained in paragraphs above of this Complaint as if fully set forth herein.

70.     Defendants violated FLSA § 215 when they terminated Plaintiff Alison Schlanger's employment in retaliation for complaining about unpaid wages and illegally retained gratuities.

71.     Defendants are therefore liable to Plaintiff Alison Schlanger for damages under FLSA § 215.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff ALISON SCHLANGER respectfully request that this Court grant the following relief:

i.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

ii.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

iii.    An award of unpaid wages, including overtime, due under the FLSA and the NYLL;

iv.    An award equal to the amount of the improperly retained tips withheld by Defendants;

v.     An award of unpaid spread of hours premiums due under the NYLL;

vi.    An award of statutory penalties as a result of Defendants failure to comply with NYLL wage notice and wage statement requirements;

vii.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to 29 U.S.C. § 216;

viii.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages pursuant to the NYLL;

ix.    An award of damages for Defendants' retaliatory termination against her, including backpay, frontpay, compensatory damages for pain and suffering, punitive damages, liquidated damages, statutory penalties, prejudgment interest, and attorneys' fees and costs;

x.     An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' fees and expert fees and statutory penalties;

xi.      Such other and further relief as this Court determines to be just and proper.

**JURY DEMAND**

Pursuant to FRCP 38 the Plaintiff demands trial by jury on all issues.

Dated: New York, New York
October 9, 2023                                    **LAW OFFICE OF MOHAMMED GANGAT**

By:_____
Mohammed Gangat, Esq.
675 3rd Avenue, Suite 1810
New York, NY 10017
(718) 669-0714
mgangat@gangatllc.com
*Attorneys for Plaintiff*